UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                      Criminal Case No.  12-20218

Raymond Adams D-14,            Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER

In this action, Defendant Raymond Adams ("Defendant") is charged with robbery and a firearms offense. This matter is currently before the Court on Defendant's Motion for Revocation of Consent Order of Detention Pending Trial (Docket Entry No. 365), which was heard by the Court on October 29, 2014. For the reasons set forth below, the Court shall DENY Defendant's motion.

## BACKGROUND

In this action, Defendant is charged with one count of Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951 (Count One); and 2) Using or Carrying a Firearm During a Federal Crime of Violence, in violation of 18 U.S.C. § 924(c). (*See* Sixth Superceding Indictment, D.E. No. 349).

On October 15, 2014, Defendant agreed to a Consent Order of Detention Pending Trial. (D.E. No. 358).

On October 21, 2014, Defendant filed the instant Motion for Revocation of Consent Order of Detention Pending Trial (D.E. No. 365), wherein he asks this Court to issue an order

1

releasing him on an unsecured bond, with appropriate conditions, pending trial. Defense Counsel states that, if released, Defendant would reside with his disabled father, who has agreed to act as a third party custodian. He also asserts that he would obtain employment and states that he would consent to a tether.

The Government filed a brief in opposition to the motion on October 23, 2014. (D.E. No. 367).

The Court held a hearing in this matter on October 29, 2014.

## ANALYSIS

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge ... that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

A court may order detention of the defendant if, by clear and convincing evidence, the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(f). In determining whether no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, the district court must take into account the available information concerning: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

In addition, § 3142(e) of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.,* requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in certain types

of cases. A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community exists if the Court finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e).

Here, Defendant is charged with a presumption offense. The indictment is sufficient to establish probable cause that a defendant committed the charged offense. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Rippie,* 2008 WL 2741941 at * 3 (E.D. Mich. 2008).

As explained below, having considered the relevant factors, this Court finds that there is no combination of conditions that will reasonably assure the appearance of Defendant or the safety of the community.

The Court first considers the nature and circumstances of the offenses charged. In this action, Defendant is charged with robbery and a firearms offense, which are very serious crimes that carry significant potential penalties.

The Court also considers the history and characteristics of Defendant and the nature and seriousness of the danger posed by Defendant's release. Defendant is twenty-three years old, unmarried, and unemployed. He has one child. He owns no real property or other valuable assets, and he was recently released from a Kentucky prison. Defendant acknowledges that he has a criminal history, which includes a marijuana felony conviction in Kentucky and several misdemeanor offenses in Michigan. Defendant also has a pending drug charge and has a history of failing to appear for court and of violating conditions of probation. Pretrial Services

recommends that Adams be detained pending trial both as a flight risk and a danger to the community. This Court agrees.

## **CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Defendant's motion is hereby DENIED.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: October 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2014, by electronic and/or ordinary mail.

S/Jennifer Hernandez McCoy<br>
Case Manager