UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff/Respondent,

v.

Criminal Case No. 12-20218

Hon. Sean F. Cox

D-14 Raymond Adams,

       Defendant/Petitioner.

_____/

**OPINION & ORDER
DENYING § 2255 MOTION (Doc. # 417), DENYING MOTION FOR APPOINTMENT
OF COUNSEL (Doc. # 388), AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY**

       In Criminal Case Number 12-20218, Petitioner Raymond Adams ("Petitioner") pleaded

guilty, pursuant to a Rule 11 Plea Agreement, to one count of Robbery Affecting Interstate

Commerce, in violation of 18 U.S.C. § 1951 and one count of Using or Carrying a Firearm

During a Federal Crime of Violence; Aiding and Abetting, in violation of 18 U.S.C. § 924(c).

(Doc. # 374, Rule 11 Plea Agreement).  This Court sentenced Petitioner to a total term of 90

months.  (Doc. # 387).

       The matter is now before the Court on Petitioner's *pro se* letter, construed by the Court as

a Motion to Vacate Sentence brought pursuant to 28 U.S.C. § 2255.  (Doc. # 417, Pet. Br.).

Petitioner's request for relief is based upon the Supreme Court's decisions in *Rosemond v.*

*United States*, 135 S. Ct. 1240 (2014), which clarified what is necessary to aid and abet a

violation of § 924(c) and *Johnson v. United States*, 135 S.Ct. 2251 (2015), which held that the

residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  The

1

Government has filed a response opposing Petitioner's motion.  (Doc. # 409, Gov't Resp.).
Petitioner has not filed a reply to the Government's response and time to do so has passed.

Because the files and records of the case conclusively establish that Petitioner is not
entitled to relief as to any of the claims set forth in this § 2255 motion, an evidentiary hearing is
not necessary.  The motion is therefore ready for a decision by this Court.  For the reasons set
forth below, Petitioner's motion to vacate will be **DENIED** and Petitioner's motion for
appointment of counsel is **DENIED AS MOOT**.  Moreover, the Court declines to issue a
certificate of appealability.

## BACKGROUND

On December 10 2014, Petitioner pleaded guilty, pursuant to a Rule 11 Plea Agreement,
"to Counts One and Two of the Sixth Superseding Indictment, which charge Robbery Affecting
Interstate Commerce and Using or Carrying a Firearm During and in Relation to a Federal Crime
of Violence."  (Rule 11 Plea Agreement, at ¶ 1A).

This Court sentenced Petitioner to 6 months on Count 1 and to 84 months on Count 2, to
run consecutively with the sentenced imposed on Count 1.  (Doc. # 387).  Petitioner did not file a
direct appeal.

January 25, 2016, Petitioner filed a *pro se* letter, titled "Motion to be Appointed
Counsel."  (Doc. # 388).  Petitioner requested counsel in light of the Supreme Court's ruling in
*Johnson v. United States*.  On May 19, 2016, Petitioner filed a second *pro se* letter, which the
Court has construed as a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.  (Doc. # 417).
In it, Petitioner asserts that his § 924(c) aiding and abetting conviction must be vacated in light
of *Rosemond v. United States* and *Johnson v. United States*.  The Government filed a brief in

2

opposition to the motion on September 29, 2016.  (Doc. # 409).

## STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).  To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief.").  Because the files and records of the case conclusively show that Petitioner is not entitled to relief as to any of the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court.

3

## ANALYSIS

**A.    Petitioner May Not Rely On *Johnson* To Collaterally Attack § 924(c) Convictions**

To the extent that Petitioner relies on *Johnson*, the Government argues that "the Sixth Circuit has declined to extend *Johnson* to section 924(c) convictions."  (Gov't Resp. at 2).  The Court agrees that Petitioner may not rely on *Johnson* to collaterally attack his § 924(c) conviction.

In *Johnson v. United States*, the Supreme Court invalidated the ACCA residual clause for being unconstitutionally vague.  *Johnson*, 135 S.Ct. At 2257.  Here, Petitioner cannot rely on *Johnson* for relief because the Court did not sentence Petitioner under the ACCA's residual clause.  Nor was Petitioner sentenced under the ACCA.

Petitioner appears to be relying on *Johnson* to collaterally attack his 18 U.S.C. § 924(c) conviction.  Presumably, Petitioner's position is that *Johnson* reaches § 924(c)'s definition of a "crime of violence" since section 924(c)(3) includes a residual clause similar to the ACCA residual clause invalidated in *Johnson*.  *See* 18 U.S.C. § 924(c)(3)(B).

Under § 924(c), anyone who uses or carries a firearm during or in relation to a "crime of violence" is subject to a mandatory minimum sentence.  For purposes of § 924(c), a "crime of violence" is a felony offense that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. 924(c)(3).  "The first clause, 924(c)(3)(B), is commonly referred to as the 'force' clause.  The second, 924(c)(3)(B), is commonly referred to as the 'residual' clause[.]" *United*

4

*States v. Moore*, 2016 WL 2591874, at *3 (E.D. Mich. May 5, 2016).

Here, the predicate crime of violence charged in this case was a Hobbs Act robbery (*i.e.*, robbery affecting interstate commerce). A Hobbs Act robbery, by definition, requires "actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951(b)(1). This definition fits squarely within the definition of "crime of violence" as set forth the "force" clause of § 924(c)(3)(A). Thus, there is no need to resort to the "residual" clause of § 924(c)(3)(B) to determine whether a Hobbs Act robbery constitutes a "crime of violence" for purposes of § 924(c) firearm charges. *See Washington v. United States*, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016) ("Courts both within this Circuit and outside of it have held, even in the wake of *Johnson*, that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A), not the residual clause").

Moreover, even if it were necessary to rely upon the residual clause of § 924(c)(3)(B) to establish whether or not a Hobbs Act robbery constitutes a "crime of violence," Petitioner would still not be entitled to the relief he seeks. To the extent that Petitioner is arguing that the residual clause under § 924(c)(3) is vague and unconstitutional because it uses the phrase "crime of violence" or because it contains a residual clause similar to that of the ACCA, this argument has already been rejected by the Sixth Circuit and district courts within it. *See, e.g., United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) (rejecting the petitioner's "argument that *Johnson* effectively invalidated § 924(c)(3)(B)"); *Moore v. United States*, 2017 WL 68494 (N.D. Ohio 2017) (same).

## B.    Petitioner's Reliance on *Rosemond* is Misplaced

To the extent that Petitioner relies on *Rosemond*, the Government argues that the "record

5

in this case clearly establishes that Dismukes used and carried a gun during the robbery, and that

[Petitioner] had the requisite advance knowledge that Dismukes would have a gun during the

robbery." (Gov't Resp. at 6-7). The Court agrees.

In *Rosemond*, the Supreme Court clarified what is necessary to aid and abet a violation of

§ 924(c). The Supreme Court specifically explained that:

> An active participant in a drug transaction [or in a crime of violence] has the
> intent needed to aid and abet a § 924(c) violation when he knows that one of his
> confederates will carry a gun. In such a case, the accomplice has decided to join
> in the criminal venture, and share in its benefits, with full awareness of its
> scope–that the plan calls not just for a drug sale, but an armed one. In so doing,
> he has chosen ... to do what he can to "make [that scheme] succeed." *Nye &
> Nissen*, 336 U.S., at 619, 69 S.Ct. 766. He thus becomes responsible, in the
> typical way of aiders and abettors, for the conduct of others. He may not have
> brought the gun to the [deal] himself, but because he took part in that deal
> knowing a confederate would do so, he intended the commission of a § 924(c)
> offense–*i.e.*, an armed drug sale.
>
> For all that to be true, though, the § 924(c) defendant's knowledge of a firearm
> must be advance knowledge–or otherwise said, knowledge that enables him to
> make the relevant legal (and indeed, moral) choice. When an accomplice knows
> beforehand of a confederate's design to carry a gun, he can attempt to alter that
> plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go
> ahead with his role in the venture that shows his intent to aid and *armed* offense. .
> . .

*Rosemond*, 134 S.Ct. at 1249. (emphasis in original).

Here, Petitioner pleaded guilty to robbing, and aiding and abetting Jesse Dismukes in

robbing, a Radio Shack store on February 3, 2013. And while Petitioner was unarmed during the

robbery, he pleaded guilty to aiding and abetting Jesse Dismukes in using or carrying a firearm

during the robbery. At his plea hearing, Petitioner testified that he intended to help Dismukes

rob the store. (Doc. 3 407, Plea Hearing Trans. at 21). Petitioner further testified that, prior to

entering the store on February 3, 2013, he knew that Dismukes had a gun. (*Id*. at 22).

Based upon Petitioner's own admissions, it is clear that he had advance knowledge of the gun prior to the commission of the robbery and that he therefore intended to aid in the armed offense. As such, Petitioner's 924(c) conviction, as an aider and abettor, fully comports with the requirements set forth in *Rosemond*.

### C.    Certificate of Appealability

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). 28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. As such, the Court declines to issue a certificate of appealability.

**CONCLUSION & ORDER**

For the reasons set forth above, **IT IS ORDERED** that Petitioner's 28 U.S.C. § 2255 motion (Doc. # 417) is **DENIED**. **IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. # 388) is **DENIED AS MOOT**.

Additionally, this Court declines to issue a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

7

in good faith.

         **IT IS SO ORDERED**.

Dated:  March 31, 2017                        s/Sean F. Cox            
                                         Sean F. Cox
                                         U. S. District Judge


I hereby certify that on March 31, 2017, the foregoing document was served on counsel of record via electronic means and upon Raymond Adams via First Class mail at the address below:

Raymond Adams 50516039
MCKEAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701

                        s/J. McCoy          
                        Case Manager